UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES KELLY,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>FBI,<br><br>　　　　　　　Defendant. | Case No.: 23-CV-696 TWR (KSC)<br><br>**ORDER (1) DENYING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND (3) DISMISSING ACTION WITH PREJUDICE**<br><br>(ECF Nos. 2, 3) |

Presently before the Court is Plaintiff Dolores Kelly's Application to Proceed *in Forma Pauperis* (ECF No. 2, "IFP App.") and Motion for Appointment of Counsel (ECF No. 3, "Appt. Mot."). For the reasons set forth below, the Court **DENIES** both the Application to Proceed *in Forma Pauperis* ("IFP Application") and the Motion for Appointment of Counsel and **DISMISSES** this action with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

## BACKGROUND

Over the past several weeks, Plaintiff Dolores Kelly has commenced at least twenty actions in this District.[1]  Typically, each of Plaintiff's complaints is handwritten and one or two pages in length.  Though largely unintelligible, the complaints are generally directed against various well-known business executives (including Elon Musk, Jeff Bezos, Tim Cook, and Bill Gates), politicians and world leaders (including Xi Jingping and Kamala Harris), companies (including U.S. Bank and Bank of America), and government agencies (including the Department of Labor and the Treasury Department).  Each complaint is also accompanied by an almost entirely blank application to proceed *in forma pauperis* and a motion to appoint counsel.

The instant action against the FBI is similar to Plaintiff's preceding actions.  Here, Plaintiff has filed a two-page handwritten Complaint, (*see generally* ECF No. 1), an incomplete IFP Application, (*see generally* IFP App.), and a Motion for Appointment of Counsel, (*see generally* Appt. Mot.).  The extent of the allegations in Plaintiff's Complaint are as follows: "FBI was not registered?  Normally is federal tax funding I see fraud FBI. Not all are corrupt like DC or New York Needs further evaluation Registered FBI 88-435-3398 You can not illegally assign must be registered You might wan to hire me!"  (*See* ECF No. 1 at 2 (no alterations).)  Based on these allegations, Plaintiff seeks repossession of the FBI.  (*See id.*)

/ / /

/ / /

---

[1]  *See* Case Numbers 23-CV-592-JO-DDL, 23-CV-618-CAB-KSC, 23-CV-619-JAH-BLM, 23-CV-620-DMS-DDL, 23-CV-621-TWR-NLS, 23-CV-622-RSH-DDL, 23-CV-623-BAS-JLB, 23-CV-624-AGS-NLS, 23-CV-625-AGS-MSB, 23-CV-626-AGS-BGS, 23-CV-627-CAB-KSC, 23-CV-684-AGS-DEB, 23-CV-685-RBM-AHG, 23-CV-686-RSH-WVG, 23-CV-687-DMS-MSB, 23-CV-689-JLS-NLS, 23-CV-690-CAB-BLM; 23-CV-691-CAB-WVG, 23-CV-692-TWR-WVG, 23-CV-693-RBM-BLM, 23-CV-694-JAH-JLB, and 23-CV-695-JLS-MSB.  Plaintiff also filed four additional complaints in 2022.  *See* Case Numbers 22-CV-430-CAB-KSC, 22-CV-464-CAB-KSC, 22-CV-500-CAB-KSC, and 22-CV-501-CAB-KSC.  All four of these complaints were terminated because Plaintiff filed blank IFP applications, which were denied, and failed to re-file complete applications or pay the filing fee.

# ANALYSIS

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[2] *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if they are granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 892 (9th Cir. 2011). A plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *McQuade*, 647 F.3d at 940). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*.

Here, Plaintiff's IFP Application is almost entirely blank. (*See generally* IFP App.) Plaintiff merely asserts, in a summary fashion, that her monthly income is $0.00 and her monthly expenses are $0.00. (*See id.* at 2, 5.) Yet, Plaintiff has failed to answer any other question on the extensive five-page form. (*See generally* IFP App.) She has not indicated whether she is employed or what income she uses to pay for the necessities of life. (*See id.*) She has not identified any bank accounts, assets, housing, spousal relationships, dependents, expenses, or income. (*See id.*) Without such details, the Court cannot determine whether Plaintiff is entitled to proceed IFP. In other words, based on the lack of "particularity, definiteness and certainty" in the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.

/ / /

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Furthermore, the Court finds that leave to amend Plaintiff's IFP Application would be futile. *See, e.g.*, *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (allowing dismissal without leave to amend if amendment would be futile); *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (same). Notwithstanding any filing fee paid, as a pro se litigant, Plaintiff's Complaint is still subject to *sua sponte* review under 28 U.S.C. § 1915(e)(2)(B). Under this statute, the Court must dismiss any action brought by a pro se plaintiff which (1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Here, Plaintiff's Complaint is undoubtedly frivolous, and it fails to state a claim upon which relief may be granted. Moreover, "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *See Rosati v. Igbinoso,* 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

For the foregoing reasons, the IFP Application (ECF No. 2) is **DENIED** and the Motion to Appoint Counsel (ECF No. 3) is **DENIED** as moot. It is hereby **ORDERED** that this action is **DISMISSED WITH PREJUDICE**. The Clerk of Court **SHALL CLOSE** the case. No further filings under this case number will be accepted.

**IT IS SO ORDERED.**

Dated: May 9, 2023

Honorable Todd W. Robinson
United States District Judge